

**The following constitutes the order of the court.
Signed April 13, 2016**

_____
William J. Lafferty, III
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

```
                                  |
In re                             |
                                  |   No. 11-49318
Issa Aryanpure,                   |   Chapter 7
                                  |
        Debtor.                   |
_____|
```

**MEMORANDUM RE LETTER FROM CREDITOR MICHAEL FOBBS**

On August 30, 2011, Debtor filed a chapter 7 petition. There were no assets for the Chapter 7 Trustee to administer or distribute. On December 8, 2011, Debtor received a discharge. On December 9, 2011, the case was closed.

On March 8, 2016, the Court received a letter from unsecured creditor Michael Fobbs. Mr. Fobbs claims that neither he nor his ex-wife, Teresa Chatman, also listed as an unsecured creditor in Debtor's schedules, received notice of the bankruptcy filing. Although it is not clear what specific relief Mr. Fobbs is asking the Court to

grant, it appears that he seeks to except his claim, which arose from real estate transaction that Mr. Fobbs alleges was fraudulent, from discharge.

Mr. Fobbs claim was listed on Schedule F in the amount of $86,000. Ms. Chatman's claim was listed on Schedule F in the amount of $141,000, under the name "Teresa Fobbs." According to the Creditor Mailing Matrix, Mr. Fobbs and Ms. Chatman were given notice of the bankruptcy filings at an address in Columbia, Missouri, at an address in Antioch, California, and through attorney Peter Pappas, who is listed as a representative of Mr. Fobbs.

Mr. Fobbs claims that these efforts to notify him and Ms. Chatman of the bankruptcy filing were ineffective and that they never received actual notice of the filing. He asserts that he has never lived outside the State of California, so the attempt to serve him at an address in Missouri was ineffective. While he acknowledges that he and Ms. Chatman previously resided at 2405 Sunny Lane, Antioch, California, he asserts that they have not resided there for over twenty-seven years. As a result, according to Mr. Fobbs, the attempt to serve Ms. Chatman at that address was ineffective.

If Mr. Fobbs wants to pursue his claim for relief against Debtor, including a determination that he has a nondischargeable claim against Debtor, he must file a competent motion to reopen the case. Such a motion must be served on Debtor, Debtor's counsel, and the Chapter 7 Trustee.

2

The contents of Schedule F and the Creditor Mailing Matrix create a presumption that notices of the bankruptcy filing went to the Antioch, California and Columbia, Missouri addresses listed and that Mr. Fobbs and Ms. Chatman received notice of the bankruptcy filing at the addresses listed for them. Schedule F and the Creditor Mailing Matrix also create a presumption that Mr. Fobbs was provided with notice of the bankruptcy filing through attorney Peter Pappas. In order to rebut the presumption, Mr. Fobbs must provide definitive evidence that Debtor's attempts to provide notice of the bankruptcy filing through those means were ineffective and that he did not otherwise receive actual notice of the bankruptcy filing.

**End of Memorandum**

**COURT SERVICE LIST**

Issa Aryanpure
2077 Camel Ln.
#30
Walnut Creek, CA 94596

Carl Gustafson
Lincoln Law, LLP
1525 Contra Costa Blvd.
Pleasant Hill, CA 94523

Tevis Thompson
P.O. Box 1110
Martinez, CA 94553

Michael Fobbs
4408 Glen Canyon Circle
Pittsburg, CA 94565